

## COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

### ORDER

Appellate case name:      Darla Lexington v. T. Gerald Treece, Individually and as Independent Executor of the Estate of John M. O'Quinn, Deceased, John M. O'Quinn & Associates, PLLC, Gibbs & Bruns, LLP, Needmore River Ranch, LLC, Greg LaMantia and Joseph V. LaMantia, III, SCI Texas Funeral Services, Inc. d/b/a Geo. H. Lewis & Sons Funeral Directors, John M. O'Quinn Foundation, and Robert C. Wilson, III.

Appellate case number:      01-17-00228-CV

Trial court case number:      392247-419

Trial court:      Probate Court No. 2 of Harris County

On September 5, 2019, appellant filed a "Status Report and Unopposed Motion to Order Certain Records Filed as Sealed." Within the motion, appellant states that the parties and the Harris County clerk's office disagree about the interpretation of the trial court's Order Permanently Sealing Court Records, signed on June 25, 2019. Appellant further states that "any documents within the clerk's record which discuss the substance of 'Ranch Rule 11 Agreement' and the 'Confidential Settlement & Release Agreement' should also be ordered to be sealed by this Court in light of Judge Newman's order."

Requests to seal records are governed by Texas Rule of Civil Procedure 76a. *See* TEX. R. CIV. P. 76a. Rule 76a provides no authority for an appellate court to make the findings necessary to decide motions to seal the record. *See Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 636 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("On its face, Texas Rule of Civil Procedure 76a, entitled 'Sealing

Court Records,' does not give appellate courts the authority to find the necessary facts and to determine motions to seal on appeal, and the parties have not cited any statute, rule, or case stating that appellate courts have this authority.").

Accordingly, we abate the case and direct the trial court to hold a hearing that complies with the requirements of Rule 76a. The Rule 76a hearing shall be conducted within 60 days of this Order. The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with this Court no later than 75 days from the date of this Abatement Order. The trial court clerk shall file a supplemental clerk's record containing the trial court's amended Rule 76a order and any findings within 75 days of the date of this Order. After the supplemental records are filed, the Court will reinstate the case.

We further order the appellant to coordinate with the trial court clerk and the court reporter to file a new appellate record that segregates between the sealed and unsealed portion of the record within 30 days after the trial court signs an amended Rule 76a order. *See* TEX. R. APP. P. 35.3.

We deny appellant's September 5, 2019 unopposed motion to order certain records filed as sealed as moot.

It is so **ORDERED**.

Judge's signature: _____/s/ Sherry Radack_____
☒ Acting individually ☐ Acting for the Court

Date: __September 26, 2019____